# **Exhibit A**



# Notice of Service of Process

NJH / ALL
Transmittal Number: 17205203
Date Processed: 09/30/2017

| | |
|---|---|
| **Primary Contact:** | Ms. Lynn Radliff<br>Amazon.Com, Inc.<br>P.O. Box 81226<br>Seattle, WA 98108-1226 |
| **Electronic copy provided to:** | Lynn Foley-Jefferson<br>Maria Catana<br>Joell Parks<br>Theresa Nixon<br>Scotty Bauder<br>Rochelle Lewis<br>Jesse Jensen<br>Kimberly Thomas<br>Elizabeth Hernandez<br>Annamaria Taskai<br>Christine Schram<br>Lizette Fernandez<br>Karen Curtis<br>Gianmarco Vairo<br>Tammy Malley-Naslund |
| **Entity:** | Amazon.Com, Inc.<br>Entity ID Number  1662773 |
| **Entity Served:** | Amazon.com, Inc. |
| **Title of Action:** | Bernard Waithaka vs. Amazon.Com Inc |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Superior Court, Massachusetts |
| **Case/Reference No:** | 1785CV01401D |
| **Jurisdiction Served:** | Washington |
| **Date Served on CSC:** | 09/29/2017 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Shannon Liss-Riordan<br>617-994-5800 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# Commonwealth of Massachusetts

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1785CV01403D

BERNARD WAITHAKA, on behalf of himself and all others similarly situated, PLAINTIFF(S),

v.

AMAZON.COM INC,.
AMAZON LOGISTICS INC., DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO __AMAZON.COM INC..__ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the __Worcester Superior__ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

    a. Filing your **signed original** response with the Clerk's Office for Civil Business, Worcester Superior Court, 225 Main St, Worcester, MA 01608 (address), by mail or in person, **AND**

    b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: 729 Boylston St, Suite 2000, Boston, MA 02116 .

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.
5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20____. (SEAL)

_[signature]_
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____
_____
_____

Dated: _____, 20___     Signature: _____

N.B.  TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

[ ]



8/28.

## COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.

SUPERIOR COURT
C. A. NO. 1785CV01403 D

BERNARD WAITHAKA, on behalf of
himself and all others similarly situated,

Plaintiffs,

v.

AMAZON.COM INC., AMAZON
LOGISTICS INC.,

Defendants.

FILED
AUG 28 2017
ATTEST: [signature] CLERK

## CLASS ACTION COMPLAINT

1. This case is brought on behalf of individuals who have worked as delivery drivers for Amazon.com, Inc. or Amazon Logistics, Inc. (together, "Amazon") in the Commonwealth of Massachusetts and have been classified as independent contractors. Amazon is a commercial seller of electronic and consumer goods through its website, providing delivery service of its various products to its customers' homes.

2. As described further below, Amazon has misclassified delivery drivers as independent contractors when they are actually employees. In so doing, Amazon has violated Mass. Gen. L. c. 149 §§ 148B, 148 by failing to reimburse drivers' necessary business expenses such as gas and car maintenance and Mass. Gen. L. c. 151 §§ 1, 7 by failing to pay drivers the Massachusetts minimum wage of $11.00 after accounting for drivers' expenses and time spent working past the end of the shift without

1

compensation. Plaintiff bring this claim on behalf of all similarly situated employees pursuant to Mass. Gen. L. c. 149 § 150.

## PARTIES

3. Plaintiff Bernard Waithaka is an adult resident of Westborough, Massachusetts. He has worked as an Amazon delivery driver in Massachusetts since January 2017.

4. Defendant Amazon.com, Inc. is a Delaware corporation, headquartered in Seattle, Washington. It has more than fifty employees.

5. Defendant Amazon Logistics, Inc. is a Delaware corporation, headquartered in Seattle, Washington. It has more than fifty employees. On information and belief, Amazon Logistics, Inc. is a subsidiary of Amazon.com, Inc., and delivery drivers such as the named Plaintiff have contracted directly with Amazon through Amazon Logistics, Inc. Together, Amazon.com, Inc. and Amazon Logistics, Inc. are referred to in this complaint collectively as "Amazon".

## STATEMENT OF FACTS

6. Amazon is a Seattle-based electronic retailer that provides delivery service of consumer and electronic goods to its customers in cities throughout the country.

7. Amazon contracts to have drivers in Massachusetts provide these delivery services. Although classified as independent contractors, these delivery drivers are actually Amazon's employees. Drivers must follow Amazon's instructions regarding where to make deliveries, in what order, and which route to take. Drivers can be

2

penalized or terminated for missing scheduled shifts or cancelling their shifts too close to the start time. Drivers also must follow requirements and rules imposed on them by Amazon and are subject to termination, based on Amazon's discretion and/or their failure to adhere to these requirements (such as rules regarding their conduct with customers, their timeliness in making deliveries, their scanning of packages, and their conduct when picking up or returning packages to the warehouse, etc.).

8. In addition, Amazon is in the business of providing delivery service to customers, and that is the service that delivery drivers provide. The drivers' services are fully integrated into Amazon's business.

9. However, based on their classification as independent contractors, Amazon drivers must pay for many of the expenses necessary to perform their job, including expenses for their vehicles, gas, phone, and data plan.

10. In light of the expenses Amazon drivers bear in order to perform their jobs, the drivers' hourly wages sometimes fall below the state minimum wage. For example, Plaintiff Waithaka estimates that his weekly wage fell below the current Massachusetts minimum wage of $11.00 during the week of April 9-15, 2017, after accounting for fuel and vehicle maintenance and excluding tips from customers (which cannot be counted towards the minimum wage because Amazon has not given appropriate notice that it is taking, and thus is not entitled to take, the tip credit against the minimum wage, see 454 Mass. Code Regs. 27.03). Specifically, Plaintiff Waithaka estimates he made $8.10 per hour that week after subtracting mileage at the standard IRS reimbursement rate as well as tips.

3

11. In addition, when driving for Amazon, delivery drivers receive an hourly rate of pay for scheduled shifts. However, it often takes the drivers more time to complete their deliveries than their scheduled shifts, but drivers do not receive additional compensation for this extra time.

12. Not only is this unpaid time a violation of Massachusetts state law, but this unpaid time also further pushes the drivers' wages below minimum wage.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. Pursuant to the state law requirements as set forth in Massachusetts General Law Chapter 149 § 150, the above-named plaintiff submitted his statutory claims with the Office of the Attorney General and received a right to sue letter in order to proceed on these claims in court.

## COUNT I
### Independent Contractor Misclassification
### MASSACHUSETTS GENERAL LAW CHAPTER 149 § 148B

Amazon has misclassified delivery drivers in Massachusetts who provide delivery services for the company as independent contractors instead of employees, in violation of the Massachusetts Independent Contractor Law, Mass. Gen. L. c. 149 §148B. This claim is asserted pursuant to Mass. Gen. L. c. 149 § 150.

## COUNT II
### Wage Act Violation
### MASSACHUSETTS GENERAL LAW CHAPTER 149 § 148

Amazon has violated the Wage Act, in that, Amazon delivery drivers have had to bear business expenses necessary to perform their work, such as gas and car maintenance and supplying their own smartphones and phone data plans, in violation of Gen. L. c. 149 § 148. This claim is asserted pursuant to Mass. Gen. L. c. 149 §150.

## COUNT III
### Minimum Wage
### MASSACHUSETTS GENERAL LAW CHAPTER 151 §§ 1,7

As set forth above, Defendants have violated the Massachusetts Minimum Wage Law, M.G.L. c. 151, §§ 1 and 7, by failing to ensure that its delivery drivers are paid at least the full state minimum wage. This claim is brought pursuant to M.G.L. c. 151, §20.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

1. Certification of this case as a class action pursuant to Mass. R. Civ. P. 23 and/or Mass. Gen. L. c. 149 § 150;
2. Restitution for all damages due to the Plaintiff and other class members because of their misclassification as independent contractors and related wage law violations;
3. An injunction ordering Amazon to cease its unlawful practices;
4. Statutory trebling of damages;
5. Attorneys' fees and costs
6. Prejudgment interest; and,
7. Any other relief to which Plaintiffs may be entitled.

5

DATED: August 22, 2017

Respectfully submitted,

BERNARD WAITHAKA, on behalf of himself and all others similarly situated,

By his attorneys,

*Shannon Liss-Riordan*

Shannon Liss-Riordan, BBO # 640716
Adelaide Pagano, BBO # 690518
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
617-994-5800
sliss@llrlaw.com
apagano@llrlaw.com