UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BERNARD WAITHAKA, on Behalf of Himself and All Others Similarly Situated, Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., AMAZON LOGISTICS, INC., Defendants | Civil Action <br> 17-40141-TSH |

**ORDER**
August 28, 2018

**HILLMAN, D.J.**

## Background

On August 28, 2017, Bernard Waithaka ("Waithaka" or "Plaintiff"), filed a Complaint in Worcester Superior Court against Amazon.com Inc., and Amazon Logistics Inc. (collectively "Amazon" or "Defendant") for wage violations on behalf of delivery drivers who Waithaka contends are employed by Amazon but have been misclassified as independent contractors. Waithaka alleges that Amazon has violated Mass. Gen. L. c. 149 §§ 148, 148B, by failing to reimburse drivers for business expenses, and Mass. Gen. L. c. 151 §§ 1, 7, by failing to pay drivers for additional hours worked after a shift ended and failing to pay drivers minimum wage

after expenses. In his Complaint, Waithaka seeks damages for vehicle expenses, phone expenses, minimum wage violations, unpaid wages, and attorneys' fees.

On October 29, 2017, Amazon filed its *Notice of Removal* in this Court. (Docket No. 1). Amazon claims that this case is removable under either the Class Action Fairness Act of 2005 ("CAFA") or traditional diversity jurisdiction, 18 U.S.C. § 1332(a), because the amount in controversy exceeds the jurisdictional threshold of $5 million or $75,000, respectively.[1] Specifically, Amazon alleges that the amount in controversy, including attorneys' fees, exceeds $5,490,468 for the class, or $90,864 for the named plaintiff. Of these amounts, Amazon estimates that $1,098,093, for the class, and $72,000, for the named plaintiff, will come from attorneys' fees alone.

Before this Court is Waithaka's Motion to Remand the case to state court because the amount in controversy does not exceed the jurisdictional thresholds under either CAFA or traditional diversity jurisdiction. *See Plaintiff's Motion to Remand* (Docket No. 9)

## **Discussion**

Under CAFA, a federal court has original jurisdiction over a matter when the matter is brought as a class action, diversity of citizenship exists between one or more of the class members, the proposed class exceeds 100 members, and the total amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d). Likewise, under traditional diversity jurisdiction principles, a federal court has jurisdiction where there is diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

In a removal action, the removing party bears the burden of establishing that the federal court has jurisdiction over the matter. *Youtsey v. Avibank Mfg., Inc.,* 734 F. Supp. 2d 230, 233

---

[1] It is not disputed that the case meets other requirements under CAFA or traditional diversity jurisdiction such diversity of citizenship and number of class members.

(D. Mass. 2010) (citing *Amoche v. Guar. Trust Life Ins. Co.,* 556 F.3d 41, 48 (1st Cir. 2009)). While a defendant's notice of removal requires only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, evidence establishing the amount is required when a plaintiff contests the initial allegation. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). If contested, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id*.

In its notice of removal, Amazon has estimated that damages before attorney's fees will amount to at least $4,392,375, for the class, and $18,864, for the named plaintiff. Amazon has put forward information showing the scope of the class and methods of calculating unreimbursed expenses, unpaid wages, and minimum wage violations. Waithaka challenges Amazon's calculations regarding phone data, both as the $1,125,000 amount in unreimbursed expenses and as a factor in calculating the $330,000 amount in minimum wage damages after expenses. In response, Amazon has shown a company policy supporting the $50 reimbursement for phone expenses for all employees. The First Circuit has found that a determination of removal should be done "quickly, without an extensive fact-finding inquiry." *Spielman v. Genzyme Corp.,* 251 F.3d 1, 4-5 (1st Cir. 2001). While Waithaka argues that Amazon should produce reimbursement figures which account for the duration of time worked by each individual, calculations based on established company policy will suffice in the absence of extensive fact finding.

Assuming without accepting Amazon's calculations for unreimbursed expenses, unpaid wages, and minimum wage violations as accurate, Amazon must still show that another $607,625, for the class, or $56,136, for the named plaintiff, will come from attorneys' fees. Waithaka argues three main points in regard to attorneys' fees: (1) attorneys' fees accrued after

removal cannot be included, (2) a lodestar method, not a percentage of the fund method, should be used to calculate attorneys' fees, and (3) Amazon has inflated the attorneys' fees by making inappropriate comparisons to other cases. Whether post-removal attorneys' fees can be included in an amount in controversy calculation is an open question in the First Circuit. *Raymond v. Lane Const. Corp.*, 527 F. Supp. 2d 156, 161. (D. Me. 2007). However, it is a question that does not need to be decided here.

Amazon has argued that a percentage of the fund calculation is appropriate for determining attorneys' fees in a class action, but that even under a lodestar method the attorneys' fees in this case would exceed $1 million for the class. While Waithaka argues that a lodestar method is typically used for calculating attorneys' fees, the First Circuit allows district courts to "calculate counsel fees either on a percentage of the fund basis or by fashioning a lodestar." *In re Thirteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig.*, 56 F.3d 295,307 (1st Cir. 1995). Thus, it is within this Court's discretion to decide which method of calculation should be used.

In presenting both calculations, Amazon relies on speculations as to the path this case will take. First, Amazon argues that Plaintiff's counsel will seek 25% of the amount recovered, and bolsters this claim by presenting cases to show that Plaintiff's counsel has routinely sought 33% recovery of class settlements. Then, using a lodestar method, Amazon assumes that this will be a heavily litigated case requiring 1,200 attorney hours, with 40% of these hours being spent by partners. Once again, Amazon cites to previous cases in which Plaintiff's council has reported over 943 and 1,800 attorney hours spent. At the time of removal, however, Plaintiff's attorneys' fees totaled a mere $2, 165. Even extending that amount to include time spent on briefing for the motion to remand, Plaintiff's attorneys' fees reach only $11,700.

There is no dispute that a party may include attorneys' fees, where provided by statute, in calculating the amount in controversy. *Romulus v. CVS Pharmacy, Inc.,* 770 F.3d 67, 81 n.5 (1st Cir. 2014). However, "they may only do so to the extent reasonable." *Dep't. of Recreation and Sports of Puerto Rico v. World Boxing Ass'n.,* 942 F.2d 84, 90 (1st Cir. 1991). Waithaka cites to numerous cases under Massachusetts Independent Contractor Law which have been decided as a matter of law on summary judgement. *See, e.g.,Granite State Ins. Co. v. Truck Courier, Inc.*, 2014 WL316670, *4 (Mass. Super. Ct. Jan. 17, 2014)*; Monteiro v. PJD Entertainment of Worcester, Inc., d/b/a/ Centerfolds,* 29 Mass. L. Rptr. 202 (Mass. Super. Ct. Nov, 23, 2011); *Jenks v. D&B Corp., d/b/a/ The Golden Banana,* 28 Mass. L. Rptr. 579 (Mass. Super. Ct. Aug. 24, 2011); *Awuah v. Coverall*, 707 F. Supp. 2d 80 (D. Mass. 2010); *Oliveira v. Advanced Delivery Sys., Inc.,* 2010 WL 4071360, *8 (Mass. Super. Ct. Jul. 16, 2010); *Chaves v. King Arthur's Lounge,* 2009 WL 3188948, *1 (Mass. Super. Ct. Jul. 30, 2009). While Amazon argues that because Plaintiff's counsel has previously spent between 943 and 1,800 hours on misclassification cases it will likely spend 1,200 hours on this case, it is equally likely that this case will be decided on summary judgement or settle early. Given that Plaintiff's attorneys' fees through this motion totaled only $11,700, and that Plaintiff has shown that cases under Massachusetts Independent Contractor Law are routinely decided on summary judgement, it is unreasonably speculative to assume that this will be a heavily litigated case that amasses over $600,000 in attorneys' fees.

Likewise, it is unreasonably speculative to assume that attorneys' fees for the named plaintiff alone would exceed $56,136. Once again, Amazon has asserted that this case will be heavily litigated and that the named plaintiff's case alone would require 120 to 150 attorney hours. While it is possible that this case will be heavily litigated, Plaintiff has put forward

5

evidence suggesting that it is equally likely that this case will be decided on a motion for summary judgement. Under traditional diversity jurisdiction, "any doubts about the propriety of removal should be construed against the party seeking removal." *In re Pharm. Indus. Average Wholesale Price Litig.,* 509 F. Supp. 2d 82, 89 (D. Mass. 2007). Because there is a presumption against removal, this case will not survive the Motion to Remand on the basis of traditional diversity jurisdiction where two courses of litigation are equally likely. Further, attorneys' fees can only be included in the calculations of amount in controversy to the extent reasonable and having over two thirds of the estimated amount come from attorneys' fees is not reasonable. Using that logic, cases with relatively small recovery amounts could routinely be brought in federal court on the basis that they will be heavily litigated with the help of expensive legal counsel.

This Court, in its discretion, declines to use a percentage of the fund method to calculate attorneys' fees in the instant case. In support of its calculations using a percent of the fund method, Amazon relies on attorneys' fees received from previous settlements. Amazon therefore, relies on the assumptions that this case will settle, and that it will settle for the amount projected in its notice of removal. Although for the purposes of amount in controversy this Court has assumed that Amazon's estimates, excluding attorneys' fees are correct, it recognizes that the calculations for two major categories of damages, phone expenses and minimum wage damage expenses, are in dispute. Because roughly one-third of the amount in controversy, excluding attorneys' fees, is based on data that is speculative, it would be inherently unreliable to compound this speculation by predicting attorneys' fees as a percentage of the fund recovery at this time.

In its final attempt to push the amount in controversy over the jurisdictional threshold, Amazon argues that damages accrued after the date of removal can be included for purposes of calculating the amount in controversy. Amazon alleges that projecting the amount in controversy just one month beyond removal would result in an amount in controversy over $6 million. The First Circuit has held that the amount in controversy must exceed $5 million dollars "*at the time of removal.*" *Amoche*, 556 F.3d at 51 (emphasis in original). Amazon argues that future damages may be included where a judgement will "clearly and finally create an obligation to pay… a sum in excess of the jurisdictional amount, even though future events may alter or cut off the defendant's obligation" *Williams v. Toys "R" Us – Delaware, Inc.,* 2016 U.S. Dist. LEXIS 134905, at *5 (D. Mass. Sep. 28, 2016) (*citing* 4B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3702, at 87 (3d ed.1998)). However, in an analogous misclassification case involving delivery drivers, a court in this district found that continuing damages after the date of removal were speculative, and thus "only unconditional future payments… may be included when computing the amount in controversy." *Arrigo v. Scholarship Storage, Inc.,* 2011 U.S. Dist. LEXIS 89469, at *19-20 (D. Mass. Aug. 10, 2011). Because damages that may be accrued after the date of removal in a misclassification case are speculative, this Court declines to include future damages in the amount in controversy calculation.

## Conclusion

IT IS HEREBY ORDERED:

Plaintiff's Motion to Remand (Docket No. 9) is **_granted_**. This matter is remanded to Worcester Superior Court.

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN
U.S. DISTRICT COURT JUDGE**